UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ESTEBAN MORALES,<br>TRAVIS SWAIN,<br>BOBBY BROWN,<br>ISHMAEL MORALES,<br>JONATHAN LONG, SR.,<br>DAYSHAWN RIVERS,<br>SHANNA LEWIS,<br>DWAYNE HUDSON, and<br>SHONTEEA WALKER<br><br>Defendants. | **Protective Order**<br><br>S1 22 Cr. 485 (VB) |



Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses, as well as the persons and property of loved ones. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose all disclosure material and sensitive disclosure material without significant delay occasioned by complete responsiveness review or comprehensive redactions. It will also afford the defense prompt access to those materials which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

2

(b)  Prospective witnesses for purposes of defending this action.

6.  Sensitive disclosure material shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the defendants, subject to the following limitations:

(a)  The defendants or prospective witnesses may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

(b)  Neither the defendants nor prospective witnesses may copy or otherwise record sensitive disclosure material;

(c)  Neither the defendants nor prospective witnesses may keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

7.  Certain sensitive disclosure material shall be labeled "ATTORNEY'S EYES ONLY" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel.

8.  The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court. At any time, Defense Counsel may seek leave from the Government to share materials designated as Sensitive Disclosure Material or Attorney's Eyes Only with the defendants ("Requested Material"). The parties shall promptly meet and confer regarding the Requested Material and the scope of the redesignation. Following the conference, the Government will review such Requested Material and (i) consent to the sharing of the Requested Material with the defendants; (ii) provide Defense

Counsel with a redacted version of the Requested Material that may be shared with the defendants; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot be shared with the defendants at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige Defense Counsel requests to share Requested Material. If the parties remain unable to agree about accommodations contemplated in this paragraph, defense counsel preserves the ability to seek modification by the Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Production of Seized ESI**

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized pursuant to warrants issued during the course of the investigation.

11. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense.

4

They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. In the event that any defendant changes counsel, such that the undersigned no longer represents that defendant, this agreement is subject to change as to that defendant. Disclosure material, including Sensitive Disclosure Material, shall not be transferred, including to successor counsel, until a separate agreement is executed as to that defendant.

15. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____        Date:  11/29/2022
Kaiya Arroyo/Qais Ghafary
Assistant United States Attorneys

_____              Date:  11/29/22
Michael Burke, Esq.
Counsel for Esteban Morales


_____              Date: _____
Deveraux Cannick, Esq.
Counsel for Travis Swain


_____              Date: _____
Dan Hoccheiser, Esq.
Counsel for Bobby Brown

_____              Date:  11/29/2022
Elizabeth K. Quinn, Esq.
Counsel for Ishmael Morales

_____              Date:  11/29/2022
Sean Maher, Esq.
Counsel for Dayshawn Rivers

6

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _Kaiya (signature)_  Date: 11/29/2022
Kaiya Arroyo/Qais Ghafary
Assistant United States Attorneys


_____  Date: _____
Michael Burke, Esq.
Counsel for Esteban Morales

_(signature)_  Date: 11/29/2022
Deveraux Cannick, Esq.
Counsel for Travis Swain


_____  Date: _____
Dan Hoccheiser, Esq.
Counsel for Bobby Brown


_____  Date: _____
Elizabeth K. Quinn, Esq.
Counsel for Ishmael Morales


_____  Date: _____
Sean Maher, Esq.
Counsel for Dayshawn Rivers

6

Case 7:22-cr-00485-VB   Document 44   Filed 11/30/22   Page 8 of 10

Case 7:22-cr-00485-VB   Document 43   Filed 11/30/22   Page 9 of 11

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _[signature]_____     Date:  11/29/2022
Kaiya Arroyo/Qais Ghafary
Assistant United States Attorneys


_____     Date:  _____
Michael Burke, Esq.
Counsel for Esteban Morales


_____     Date:  _____
Deveraux Cannick, Esq.
Counsel for Travis Swain


_[signature]_____     Date:  11/29/2022
Dan Hochheiser, Esq.
Counsel for Bobby Brown


_____     Date:  _____
Elizabeth K. Quinn, Esq.
Counsel for Ishmael Morales


_____     Date:  _____
Sean Maher, Esq.
Counsel for Dayshawn Rivers

_____      Date: _____
Ted Green, Esq.
Counsel for Jonathan Long, Sr.

*James Neumann*      Date:  11/29/2022
_____
James Neumann, Esq.
Counsel for Shanna Lewis

*[signature]*      Date:  11/29/2022
_____
Andrew G. Patel, Esq.
Counsel for Dwayne Hudson

*Ezra Spilke*      Date:  11/29/2022
_____
Ezra Spilke, Esq.
Counsel for Shonteea Walker

SO ORDERED:
Dated: White Plains, New York
       11/30/2022

_____
THE HONORABLE VINCENT BRICCETTI
UNITED STATES DISTRICT JUDGE

_____  Date: Nov. 29, 2022
Ted Green, Esq.
Counsel for Jonathan Long, Sr.


_____  Date: _____
James Neumann, Esq.
Counsel for Shanna Lewis


_____  Date: _____
Andrew G. Patel, Esq.
Counsel for Dwayne Hudson


_____  Date: _____
Ezra Spilke, Esq.
Counsel for Shonteea Walker


SO ORDERED:

Dated: White Plains, New York
       11/30, 2022

_____
THE HONORABLE VINCENT BRICCETTI
UNITED STATES DISTRICT JUDGE

7